I agree that the trial court properly entered a summary judgment in favor of Americold. However, I do not agree with the reasoning expressed in Judge Thompson's opinion.
I believe the summary judgment was proper because Americold made a prima facie showing that there was no genuine issue of material fact and Watwood failed to present substantial evidence creating such an issue. The evidence presented by Americold shows that Watwood was not willing and able to return to work, and her theory that Americold intentionally placed her in employment positions beyond her physical ability is not supported by substantial evidence. In fact, her testimony in this regard amounts to nothing more than mere speculation.
However, I do not agree with that portion of Judge Thompson's opinion that uses Watwood's application for Social Security disability benefits as a basis for finding that she was not willing and able to return to work. Judge Thompson citesConsolidated Stores, Inc. v. Gargis, 686 So.2d 268
(Ala.Civ.App. 1996), in support of his conclusion that Watwood's application for Social Security disability benefits negates her claim that she is willing and able to return to work. InGargis, this court held that the plaintiff was precluded from asserting that he was willing and able to work, simply because he was simultaneously receiving Social Security disability benefits. The majority applied the doctrine of inconsistent positions and judicial estoppel to preclude his claim. As I stated in my special writing in Gargis, it is puzzling that theGargis majority could affirmatively state that all of the requirements for the doctrine of inconsistent positions were not met, yet apply the doctrine anyway. See Gargis, 686 So.2d at 277. I did not believe that the requisites for the application of the doctrine were met in Gargis, and I do not believe they were met in this case.
Judge Thompson goes beyond the holding of Gargis in concluding that Watwood's mere application for Social Security disability benefits contradicts her claim that she is willing and able to work. Unlike Gargis, this case does not even address the doctrine of inconsistent positions or judicial estoppel. Instead, this case circumvents the legal basis for the Gargis decision, and, in so doing, creates a broad and somewhat frightening precedent. Workers' compensation law and Social Security disability law are separate and distinct bodies. To broadly hold that an application for Social Security disability benefits precludes recovery for a workers' compensation retaliatory discharge claim stretches the limits of Gargis to the extreme. Indeed, not even the cases from other jurisdictions discussed in Gargis would preclude Watwood's claim on the basis of her application for benefits.
Therefore, I can concur only with the result.
ROBERTSON, P.J., concurs.